## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Ryan T. Noonan, being duly sworn, state the following:

1. I have been employed as a Postal Inspector by the United States Postal Inspection Service ("USPIS") for the past nine years. Prior to that I was a police officer at the University of Massachusetts - Lowell for approximately two years.  I graduated from the Massachusetts Bay Transit Authority ("MBTA") Police Academy.  The MBTA Police Academy was a twenty five week program.  I also attended the USPIS twelve week basic training program.  Additionally, I received training from the USPIS in advanced investigations on burglaries, robberies, and financial investigations including fraud.  I have been assigned to violent criminal/workplace violence investigations for the past four years and have participated in numerous criminal investigations involving burglaries and robberies of United States Postal Service ("USPS") facilities and employees.  I also have worked numerous fraud case including mail fraud, wire fraud, and bank fraud.

2. This affidavit is submitted in support of an application for a criminal complaint charging Joseph M. Pierce ("PIERCE"), DOB xx/xx/1981, of Brockton, Massachusetts with Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111, and Breaking into a United States Post Office with Intent to Commit a Larceny, in violation of 18 U.S.C. § 2115.

3. The statements contained in this affidavit are based upon my personal observations and review of records, my training and experience, and information obtained from other law enforcement officers familiar with this investigation.

4. This affidavit is being submitted for the limited purpose to establish probable cause to secure a criminal complaint.  I have not included each and every fact known to me

concerning this investigation, but only those facts I deem necessary to establish probable cause for the issuance of the criminal complaint.

## **PROBABLE CAUSE**

5. On the morning of August 22, 2018, I was notified of a break-in at the United States Post Office located at 1104 Main Street, Brockton, Massachusetts 02301, which is referred to as the Campello Post Office. I traveled to the Campello Post Office and interviewed a custodian, employed by the USPS, who encountered the intruder inside the post office. The custodian informed me that he arrived at the Campello Post Office that morning at approximately 4:30 a.m. The custodian stated that an individual approached the custodian from behind and put a box cutter to his throat. The individual demanded that the custodian open the safe and hand over his wallet. The custodian did not have access to the safe and could not open it. The individual stole approximately $48.00 from the custodian's wallet. Following a brief struggle with the individual during which the custodian's hand was cut by the blade of the box cutter, the custodian fled out the back door of the post officer, ran to a nearby house, and the police were called.

6. I spoke with other law enforcement officers at the scene and examined the area. I learned that an individual broke into a vacant commercial space located adjacent to the Campello Post Office and gained access to the post office by breaking through a wall that separated the commercial space and the post office. The individual then opened several mail parcels, stole letters containing financial instruments, and attempted to pry open the cash drawers at both cash register terminals inside the post office.

7. Law enforcement found an empty envelope on the floor of the post office addressed to B.M.K., PO Box XXXX, Brockton, Massachusetts 02304. The return address on

the empty envelope was J.K.D. [street address], Brockton, Massachusetts 02301. Law enforcement interviewed J.K.D., who stated that the envelope contained two Western Union money orders made payable to B.M.K., the rental company to which J.K.D. paid rent. J.K.D. stated that the total of the two money orders was $800.00 or $850.00.

8. Law enforcement interviewed B.G.K., who did business as B.M.K., who reported she did not receive rent from J.K.D. for the month of August. B.G.K. stated that she regularly obtained her checks via her USPS Post Office box at the Campello Post Office.

9. Western Union informed law enforcement that the two stolen Western Union money orders were cashed at PLS Check Cashing at 508 Geneva Avenue, Dorchester, Massachusetts on August 22, 2018, at 4:26 p.m., the same day as the break-in at the Campello Post Office.

10. Western Union provided law enforcement with copies of the two cashed stolen money orders (# 17810976876 for $350.00 USD and # 17810976875 for $500.00 USD). I examined the two money orders and noted that each money order was made payable to B.M.K. and that the name "Joseph M. Pierce" was added to the payee line next to B.M.K. Additionally, a Quincy, Massachusetts address was added to the front of each money order. Law enforcement confirmed with J.K.D. that he made the two money orders payable to B.M.K. and that he did not add the name "Joseph M. Peirce" or the Quincy address to either money order. I further noted that both money orders had been signed on the back by "Joseph M. Pierce" and that the same seven digit phone number was written near the Pierce signature on both money orders.

11. According to the records provided by PLS Check Cashing, when cashing the two money orders, PIERCE provided a Massachusetts Driver's License in his name with a date of birth of XX/XX/1981 and a Brockton address. PIERCE was recorded on a video surveillance

system cashing the two money orders. An image of PIERCE'S face taken from the surveillance footage was run through a facial recognition computer program and generated a match with PIERCE'S Massachusetts driver's license photograph.

12.     During an interview of the custodian on December 3, 2018, Postal Inspector Scott Kelley asked the custodian if he thought he could identify the attacker if saw him again. The custodian replied "yes."

13.     Inspector Kelley then showed the custodian eight photographs of adult males. The custodian reviewed the photographs. After approximately fifteen minutes, the custodian selected the male in photograph four as his attacker. I was present at the December 3, 2018 interview of the custodian when he was shown the photographs of the eight males.

14.     Photograph four was of Joseph M. Pierce ("PIERCE"), DOB xx/xx/1981, of Brockton, Massachusetts. PIERCE'S photograph was included in the group of eight photographs because he recently had been charged with armed robbery of a front desk clerk at the Marriott Hotel in Raynham, Massachusetts. It is alleged that during the Marriott Hotel robbery, PIERCE held a box cutter to the throat of the clerk and demanded the code to the safe.

## CONCLUSION

15.     Based on these facts described above, I believe there is probable cause to conclude that on August 22, 2018, in Brockton, Massachusetts, Joseph M. PIERCE committed the following two offenses: Assaulting, Resisting, or Impeding Certain Officers or Employees, in

violation of 18 U.S.C. § 111, and Breaking into a United States Post Office with Intent to Commit a Larceny, in violation of 18 U.S.C. § 2115.

_____
RYAN T. NOONAN
Postal Inspector
United States Postal Inspection Service

Subscribed and sworn to before me
on this the 20th day of December, 2018

_____
HON. JENNIFER C. BOAL
United States Magistrate Judge