UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSEPH PIERCE,<br><br>    Defendant. | )<br>)<br>)<br>)   Criminal Action No.<br>)   19-10020-FDS<br>)<br>)<br>)<br>) |

### ORDER OF TRANSFER

**SAYLOR, J.**

This is a motion challenging the calculation of time served filed by defendant Joseph Pierce, a prisoner in federal custody at the United States Penitentiary-Canaan in Wayne County, Pennsylvania. (Mot. at 2). Pierce asserts that the Bureau of Prisons has failed to credit him with 211 days of time served between August 7, 2019, and March 5, 2020, a period during which he contends he concurrently served his federal sentence and a state sentence. (*Id*.).[1]

Although the motion does not explicitly request habeas relief, it seeks to challenge "the execution, rather than the validity" of Pierce's sentence; it is therefore best construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Dinkins v. Boncher*, 2022 WL 3021108, at *2 (D. Mass. July 29, 2022) (quoting *United States v. Barrett*, 178 F.3d 34, 50 n.10 (1st Cir. 1999)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (motions filed by *pro se* litigants are "to be liberally construed").

---

[1] Pierce also asserts that he has been denied First Step Act credits, but notes that he is instead addressing that issue "through habeas to the local Federal District Court." (Mot. at 2).

However, this Court does not have jurisdiction to consider a § 2241 challenge by Pierce. "District courts are limited to granting habeas relief 'within their respective jurisdiction.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)); *see also Coplin v. Hollingsworth*, 2015 WL 4974168, at *2 (D. Mass. Aug. 19, 2015) ("[I]t is well-settled that a § 2241 petition must be brought in the jurisdiction in which the prisoner is confined."). Unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld*, 542 U.S. at 443. Here, Pierce has challenged the terms of his physical confinement in Pennsylvania, not Massachusetts. The Court therefore lacks jurisdiction to consider his challenge. *See id.*

Because jurisdiction over Pierce's petition does not lie in the District of Massachusetts, the Court hereby orders that this action be TRANSFERRED to the United States District Court for the Middle District of Pennsylvania. *See* 28 U.S.C. § 1404(a) (providing for the transfer of a civil action "to any other district or division where it might have been brought"); *see also Teixeira v. United States*, 2023 WL 6881975, at *1 (D. Mass. Oct. 18, 2023) (transferring habeas petition filed by a prisoner confined in Rhode Island to the United States District Court for the District of Rhode Island).

**So Ordered.**

                                                  /s/ F. Dennis Saylor IV
                                                  F. Dennis Saylor IV
Dated: July 28, 2025                     United States District Judge